UNITED STATES DISTRICT COURT                                              C/M
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
  MANDEL T. BROCK,                           :
                                             :
                  Plaintiff,                 :
                                             :
          - against -                        :
                                             :   **MEMORANDUM DECISION AND**
  THE CITY OF NEW YORK, NEW YORK             :   **ORDER**
  CITY CORPORATION COUNSEL; NYC              :
  HUMAN RESOURCES                            :   19-cv-597 (BMC) (RML)
  ADMINISTRATION; ZACHARY W.                 :
  CARTER; CELINA KITZIE FLETCHER; and        :
  JOHN DOE,                                  :
                                             :
                  Defendants.                :
                                             :
---------------------------------------------------------- X
**COGAN**, District Judge.

Plaintiff *pro se* brings this action under 42 U.S.C. § 1983 challenging – for the second time in this Court – the enforcement of a North Carolina child support order in New York family court. Plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915 is granted. For the reasons below, the complaint is dismissed.

## SUMMARY OF COMPLAINT

Plaintiff is a citizen of New York. In 2009, a North Carolina court in Guilford County ordered Plaintiff to pay monthly child support of $149 to the custodial parent, make arrears payments of $21 per month, and provide medical insurance. On September 13, 2016, Plaintiff appeared in Kings County Family Court on an arrest warrant to enforce the North Carolina child support obligations. Plaintiff sought to modify the child support payments. Defendant Celina Kitzie Fletcher, on behalf of New York City Corporation Counsel, opposed the motion on the ground that New York State had no jurisdiction to modify the payments, and could only enforce the North Carolina court's orders.

By order dated February 9, 2018, the North Carolina court found that the child was emancipated, denied the custodial parent's motion to terminate the child support arrears plaintiff owed to her, ordered that "the amount of $15,854.23 should not be excused but reduced to a judgment in order to relieve [the custodial parent's] request to enforce arrears owed to her," and directed that the balance of the arrears, $1,178.50, should "remain enforceable." The order did not detail how the $15,854.23 judgment was to be paid or enforced. As of October 14, 2018, New York City continued to enforce collection of $22,503.76 for child support arrears, an amount that plaintiff disputes.

On a date not specified, plaintiff called the North Carolina Child Support Services and was informed that he had a balance of $1,178.50. The agent informed him that New York's enforcement agency would need to contact the agent in North Carolina to clarify any discrepancy.

Plaintiff asserts that Fletcher violated New York State's Rules of Professional Conduct by offering in the New York family court proceedings the account statement for the New York City Office of Child Support Enforcement indicating arrears of $22,503.76, "when she knows, for a fact, that [the February 9, 2018 family court order in Guilford County] is accurate." He asserts that Fletcher's conduct "constitutes malicious prosecution because it was carried out in pursuit of a personal vendetta and without any basis in law or fact and without sufficient factual information."

Plaintiff names as defendants the City of New York; New York City Corporation Counsel; the NYC Human Resources Administration; Zachary W. Carter, Corporation Counsel; Celina Kitzie Fletcher, Assistant Corporation Counsel; and a John Doe Supervising Assistant Corporation Counsel. Plaintiff asserts that defendants' actions amount to "governmental

2

extortion"; violations of 18 U.S.C. §§ 1341, 1343, 1346, 1951, 1952, 1961-1968; deprivation of his constitutional rights under the Fifth, Seventh, Eighth, and Fourteenth Amendments; and violations of New York State law. He alleges: "Each of the defendants on prior occasions has violated the rights of other individuals in a manner similar to the one alleged herein," where those individuals are "indigent and poor, undereducated and unemployed," and "[i]t is the custom, pattern or practice of the defendants to violate an individual's rights in the manner set forth herein." He seeks unspecified damages and an injunction prohibiting defendants from violating his constitutional rights.

Plaintiff previously brought a lawsuit against the City, Fletcher, and other defendants related to the disputed child support arrears arising in North Carolina and enforced by New York. That complaint was dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. See Brock v. The City of New York, No. 18-cv-4915 (E.D.N.Y. Sept. 6, 2018). Plaintiff was given leave to file an amended complaint in that action but did not, so the case was dismissed.

## DISCUSSION

Pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Court must construe *pro se* pleadings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), and interpret them "to raise the strongest arguments that they suggest," Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal citation omitted). But a *pro se* complaint must still plead enough facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S.

3

544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation omitted). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint does not state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

This complaint arises under the court's federal question jurisdiction pursuant to 42 U.S.C. § 1983. To maintain a § 1983 action, plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). He must also allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006).

### I. Improper Defendants

None of the named defendants are proper in this case. Plaintiff names as defendants the City of New York and two City agencies, but he makes no allegations against the municipality in his complaint. The City cannot be held liable under § 1983, "unless action pursuant to official municipal policy of some nature caused a constitutional tort." Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). There must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S.

4

378, 385 (1989). In other words, plaintiff cannot sue the City based on a theory of *respondeat superior*. Consequently, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1995).

Plaintiff has failed to allege any facts whatsoever against the City and certainly none that would support an inference that an official policy or custom caused a violation of his federally protected rights. His bare assertion that "defendants" had a policy of violating the rights of indigent individuals, without more, fails to establish municipal liability. Accordingly, the § 1983 claims against the City and its agencies, the Office of Corporation Counsel and the New York City Human Resources Administration, are dismissed for failure to state a claim upon which relief may be granted.

Likewise, plaintiff does not assert any claims against Corporation Counsel Zachary Carter or the unnamed Supervising Assistant Corporation Counsel. To the extent that they are named as supervisors of Assistant Corporation Counsel Celina Fletcher, there is no supervisory liability under § 1983. Accordingly, the § 1983 claims against defendants Carter and John Doe are also dismissed for failure to state a claim upon which relief may be granted.

Finally, plaintiff's claims against Fletcher must be dismissed for the same reasons they were dismissed in plaintiff's previous complaint against this defendant. Plaintiff alleges that Fletcher maliciously prosecuted him because she continued to enforce in New York family court the North Carolina child support arrears which plaintiff now disputes. He seems to suggest that she knew about the February 9, 2018 family court order in Guilford County that upheld $15,854.23 of his arrears, now reduced to a judgment, and interpreted the consequences of that

5

order differently than does plaintiff. As the Court previously explained to plaintiff, the enforcement of child support orders is prosecutorial in nature and is thus protected by absolute prosecutorial immunity. See O'Sullivan v. Saperston, 587 F. Supp. 1041, 1043 (S.D.N.Y. 1984) (assistant corporation counsel acting as "civil prosecutor" is entitled to absolute immunity for actions taken to enforce child support order). Accordingly, plaintiff's claim against Fletcher is also dismissed for failure to state a claim on which relief may be granted.

**II. Improper Relief**

Finally, to the extent that plaintiff seeks injunctive relief, his claim is dismissed. Plaintiff appears to believe that Fletcher is violating his constitutional rights by trying to enforce a judgment of $15,854.23 that a North Carolina court refused to waive but did not make enforceable through their own child support enforcement agency.

Plaintiff asks this Court to enjoin Fletcher from continuing to prosecute his child support obligations in New York family court. But – as the Court has also explained to plaintiff – a federal court may not interfere in ongoing state court proceedings under the abstention doctrine articulated in Younger v. Harris, 401 U.S. 37 (1971). Under that doctrine, abstention is appropriate in three categories of state court proceedings: (1) state criminal prosecutions; (2) "state civil enforcement proceedings that are akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72-73 (2013). Federal courts must abstain in any such case where "(1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court." Hansel v. Springfield, 56 F.3d 391, 393 (2d Cir. 1995).

Here, each of the three conditions is satisfied. First, there is an ongoing state proceeding – the child support enforcement action. Second, actions to enforce child support orders implicate important state interests. See Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12-13 (2004) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."). Third, plaintiff has an open avenue for review in the state court proceeding of his claim regarding the $15,854.23 judgment. Should he find that clarity is needed regarding the effect of the judgment, he may need to seek answers in the North Carolina court. What is clear, however, is that the federal court, which neither issued the judgment nor may modify or enforce it, is not the place to raise his claims. Accordingly, plaintiff's claims for injunctive relief related to the child support enforcement proceedings are dismissed.

## CONCLUSION

The complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Because this is the second time plaintiff has brought these claims in federal court, and neither complaint has articulated a proper federal claim or proper defendants, leave to amend is denied as futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
February 1, 2019